**Ex parte James BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 71,516.

Court of Criminal Appeals of Texas, En Banc.

Feb. 10, 1993.

*TransAmerican* are not reached.

248

Charlotte K. Lang, Huntsville, for appellant.

Charles R. Holcomb, Dist. Atty., Henderson, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, § 2, V.A.C.C.P. Applicant was convicted after a plea of guilty of burglary of a habitation and the trial court found that a deadly weapon had been used

1. Under the plea agreement, the State recommended punishment at forty-five years confinement. Both parties also agreed that the dismissed indictment for aggravated sexual assault

during the commission of the crime. Punishment was assessed at confinement for forty-five years. We filed and set this cause for submission to determine if sufficient notice of the State's intent to seek an affirmative finding of use or exhibition of a deadly weapon was provided Applicant.

Applicant was charged in two separate indictments with burglary of a habitation and aggravated sexual assault, both of which were found by the trial court after remand from this Court to have arisen from the same criminal episode. However, only the aggravated sexual assault indictment specifically alleged the use of a deadly weapon. Pursuant to a plea agreement, the State agreed to dismiss the aggravated sexual assault indictment and Applicant pled guilty to burglary of a habitation.[1] Because the burglary indictment failed to allege the use of a deadly weapon, Applicant contends he was not given notice that the State would seek an affirmative finding of use or exhibition of a deadly weapon. Applicant therefore contends that such a finding by the trial court was error.

A defendant is entitled to notice that the State will seek an affirmative finding that a deadly weapon was used during the commission of the charged crime. *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex. Cr.App.1987). Such notice need not be contained in the indictment under which the defendant is ultimately tried. *Id.* at 776. Rather, the defendant is simply "entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution." *Ex parte Beck*, 769 S.W.2d 525, 526 (Tex.Cr.App.1989). Such notice must be in writing. *Luken v. State*, 780 S.W.2d 264 (Tex.Cr.App.1989).

In *Ex parte Grettenberg*, 790 S.W.2d 613 (Tex.Cr.App.1990), this Court confronted an analogous situation. In that case, the defendant was charged with two crimes under a single indictment.[2] Both counts would be taken into consideration during sentencing for the burglary conviction.

2. The first count charged Grettenberg with burglary of a habitation with the intent to commit

arose from the same criminal episode. However, only the second count specifically alleged use of a deadly weapon. The State ultimately abandoned the second count, and the defendant was convicted of burglary with intent to commit aggravated assault. In addition, the jury found that a deadly weapon had been used during the crime. We held that the original indictment gave the defendant adequate notice that the State would seek an affirmative finding of use or exhibition of a deadly weapon, even though that part of the indictment had been voluntarily abandoned by the State. As we stated, "when the theories of prosecution contained in the counts are so interrelated as under the facts of this case, the election by the State to pursue one of the counts in preference to the other will not vitiate the notice given in the indictment in its original form." *Id.* at 614.

■ In the instant case, as in *Grettenberg*, both offenses arose from the same criminal episode. As such, the theories of prosecution under the two indictments were highly interrelated. Moreover, as pointed out in the findings of fact entered by the trial judge, applicant, at the time of his plea:

> [E]ntered into a plea bargain which was stated to the Court ... whereby [the sexual assault case] would be taken into consideration and dismissed when the applicant plead guilty to [the burglary case] to 45 years Texas Department of Criminal Justice Institutional Division, with a finding that a deadly weapon was used in the commission of the offense.

The trial judge further found from the court reporter's notes that the defendant said he understood the terms of the plea bargain. Thus under the facts of this case the critical facts are that Applicant knew of the offenses alleged against him; knew that both arose from the same criminal episode; that the State alleged Applicant used or exhibited a deadly weapon during the course of that criminal episode; that Applicant agreed to allow the court to con-

sider the dismissed indictment in assessing punishment in the remaining case and agreed to the entry of a finding of a deadly weapon. Thus the defendant had actual notice the State would seek a finding of a deadly weapon. As such, when the State agreed not to prosecute under the aggravated sexual assault indictment, that did not vitiate notice that the State intended to show use of a deadly weapon during the criminal episode and seek the finding. Accordingly, all relief sought is denied.

aggravated assault. The second count charged him with attempted capital murder and alleged

use of a deadly weapon.