**Henry Lee JONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**Appeal No. 04–95–00300–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 13, 1996.

Discretionary Review Granted
March 19, 1997.

---

Fred Tinsley, Dallas, for Appellant.

Libra J. Lange, Assistant District Attorney, Dallas, for Appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Henry Lee Jones was convicted of unlawful delivery of a controlled substance and sentenced by the jury to twenty-five years confinement in the Texas Department of Criminal Justice, Institutional Division. Jones appeals, seeking reformation of the judgment to delete the deadly weapon finding, because the State failed to give him adequate notice that it would seek such a finding. Pursuant to *Ex Parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987) (en banc), we grant the requested relief and re-form the judgment to delete the deadly weapon finding.

### PROCEDURAL BACKGROUND

Jones was charged by indictment with "unlawfully, knowingly and intentionally deliver[ing], to-wit: actually transfer[ing], constructively transfer[ing], and offer[ing] to sell a controlled substance, to-wit: COCAINE in an amount by aggregate weight, including any adulterants or dilutants of less than 28 grams to T.A. King," an undercover officer. The indictment did not allege either that a deadly weapon had been used or exhibited during commission of the offense or that death or serious bodily injury had been caused by the defendant.

At 10:13 a.m. on Wednesday, December 14, 1994, the day set for trial, the State filed its Notice of the State's Special Plea of Use or Exhibition of a Deadly Weapon, namely a handgun. During the ensuing evidentiary hearing, the prosecutor previously assigned to the case testified that she had spoken with Jones' attorney six or seven days before and reiterated the previous prosecutor's plea bargain offer of six years confinement and a $1500 fine with a deadly weapon finding; the defendant's attorney stated that he had previously rejected this offer because of the deadly weapon finding; and he again rejected the offer. Jones' attorney did not move for a continuance or offer evidence at the hearing, and he did not allege in the trial court (or in this court) that he was either surprised or prejudiced by the State's special plea; he simply argued that "the State has failed to give sufficient notice in this matter; certainly written notice on the day of trial is insufficient." The trial court granted the State's special plea, and the following day a jury was empaneled and sworn, and the trial commenced. After hearing the evidence and arguments, the jury found Jones guilty of the charged offense and further that he had used or exhibited a deadly weapon during its commission. At the punishment trial, the jury assessed Jones' punishment at twenty-five years in prison. Jones appealed.

### NOTICE OF INTENT TO SEEK DEADLY WEAPON FINDING

■ In his first point of error, Jones contends that the trial court erred in submitting

an issue to the jury inquiring whether he used or exhibited a deadly weapon over his objection because the State failed to give adequate notice that it would seek such a finding.[1]

Under article I, section 19 of the Texas Constitution, a defendant is " 'entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution.' " *Ex Parte Brooks,* 847 S.W.2d 247, 248 (Tex.Crim.App.1993) (per curiam) (quoting *Ex Parte Beck,* 769 S.W.2d 525, 526 (Tex.Crim.App.1989)); *see also Patterson,* 740 S.W.2d at 775. While the notice need not be included in the indictment, *Patterson,* 740 S.W.2d at 776, it "must be in writing." *Brooks,* 847 S.W.2d at 248 (citing *Luken,* 780 S.W.2d at 264). To date, however, the Texas Court of Criminal Appeals has not indicated by what point the notice must be given. In a recent case, however, the Fort Worth Court of Appeals held that a notice faxed to defense counsel on the Friday before a Monday trial setting was inadequate. *Hocutt v. State,* 927 S.W.2d 201, 204 (Tex.App.—Fort Worth 1996, no pet. h.) (also holding notice inadequate because it failed to specify the deadly weapon allegedly used).

In this case, it is undisputed that the State did not give written notice of its intent to seek a deadly weapon finding until the day the case was set for trial. The State argues, however, that the oral notice given to Jones' attorney during conversations regarding a possible plea bargain agreement renders its untimely written notice sufficient. We disagree. The Texas Court of Criminal Appeals has specifically and repeatedly held that the notice must be in writing; oral notice will not suffice. Moreover, while it is clear that Jones' attorney was given *oral* notice that the State would require a deadly weapon finding *as a part of a plea bargain,* he was not given *written* notice that the State would seek a deadly weapon finding *at trial* until the morning trial was to commence. Under these circumstances, we hold that Jones was not given timely written notice of the State's intent to seek a deadly weapon finding. *See Hocutt,* 927 S.W.2d at 204.

The State next argues that we should overrule Jones' points of error because his attorney did not seek a continuance or allege surprise or prejudice; therefore, the defect is immaterial. *See Freda v. State,* 704 S.W.2d 41, 42 (Tex.Crim.App.1986) (variance between prior offense alleged and proved is not material unless it misleads accused to his prejudice); *see also Plessinger v. State,* 536 S.W.2d 380, 381 (Tex.Crim.App.1976). While we might agree with the State's argument if we were writing on a blank slate, we have not found any such requirement in the case law, and imposing such a requirement would appear to be inconsistent with *Patterson. See Luken,* 744 S.W.2d at 277.

Finally, although recognizing that *Patterson* appears to preclude a harm analysis, the State argues that Jones' points of error should be overruled because the error was harmless beyond a reasonable doubt. The State distinguishes *Patterson* because there the State gave no notice of its intent to seek a deadly weapon finding until "after all the evidence was in, both sides had closed, and the charge was read to the jury." *Patterson,* 740 S.W.2d at 777. We agree that *Patterson* is factually distinguishable; however, it nonetheless holds that the failure to give the requisite notice is "automatic reversible error." *Luken,* 744 S.W.2d at 277; *see also, e.g., Hocutt,* 927 S.W.2d at 204. While the court of criminal appeals may itself dis-

---

1. The record on appeal does not include the charge conference or Jones' objection; however, the State has not disputed Jones' assertion that he objected and his objection was overruled. Accordingly, we accept Jones' unchallenged assertion as correct pursuant to Rule 74(f), Tex. R.App. P. Even so, however, according to Jones, he objected not to the State's failure to give adequate notice of its intent to seek a deadly weapon finding but to the insufficiency of the evidence to support the submission of the question. Since this objection varies materially from that asserted on appeal, it does not preserve the error. *Fuller v. State,* 827 S.W.2d 919, 928 (Tex. Crim.App.1992), *cert. denied,* 509 U.S. 922, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993). As discussed above, however, the absence of an objection is immaterial since the error is "automatic reversible error" and, therefore, need not be preserved at all. *Luken v. State,* 744 S.W.2d 274, 277 (Tex.App.—Houston [1st Dist.] 1987), *vacated and remanded on other grounds,* 780 S.W.2d 264 (Tex.Crim.App.1989).

tinguish *Patterson,* we do not feel at liberty to do so.

The State also argues that this aspect of *Patterson* should be revisited in light of *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App. 1990), the 1985 amendments to article 1.14 of the Texas Code of Criminal Procedure, and article V, section 12 of the Texas Constitution—all of which, taken together, "have abolished the notion that a substantive defect in an indictment is 'fundamental error'...." While this is true, it is also true that the basis for the holding in *Studer* was the amendment to article V, section 12 of the Texas Constitution, which abolished the constitutional basis for holding the error fundamental; after the amendment, "the requisites of an indictment stem from statutory law alone." *Studer,* 799 S.W.2d at 272. In the case before us, on the other hand, the basis for the notice requirement remains article I, section 19 of the Texas Constitution. We do not believe, therefore, that *Studer* casts doubt upon *Patterson* or its progeny in this respect. *See Luken,* 780 S.W.2d at 267 (recognizing that constitutional and statutory amendments might result in defendant's ability to waive error as to substantive defect in indictment but distinguishing notice of intent to seek deadly weapon finding as being of constitutional dimension). And, once again, it is the court of criminal appeals that is authorized to revisit *Patterson*—not this court.

### CONCLUSION

The State's notice of its intent to seek a deadly weapon finding at trial, delivered to the defendant on the morning of the day set for trial, was untimely and, therefore, inadequate. Accordingly, the trial court committed fundamental error in submitting a deadly weapon charge to the jury. Jones' first point of error is therefore sustained and the judgment is reformed to delete the deadly weapon finding. Because Jones' first point of error is dispositive, we do not address his second point of error.