In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-494 CR


____________________



MARLOW WAYNE REYNOLDS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. CR24778






 MEMORANDUM OPINION 


 Appellant confessed to killing his friend but contended he was defending himself. 
The jury found appellant guilty of murder. Proceeding pro se, appellant brings eleven issues. 
We affirm.

 Though the trial court included self-defense instructions in the charge, the jury found
Marlow Wayne Reynolds guilty of murdering Leslie Ledford and assessed Reynolds's
punishment at forty years imprisonment. The trial court certified Reynolds's right to appeal
and appointed appellate counsel for Reynolds. Appellate counsel filed a brief that concluded
no arguable error was present in this appeal. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
Subsequently, Reynolds filed a pro se brief attacking his conviction. 

 Reynolds testified at trial regarding the events preceding Ledford's death. Around
noon on September 23, 2003 (Reynolds's birthday), Reynolds and Ledford bought beer and
wine in Cleveland, Texas, and they began drinking shortly afterwards. They returned to
Reynolds's home where they continued to drink throughout the afternoon and into the
evening without eating. Ledford, a diabetic who took insulin, became agitated around
midnight and threatened to kill Reynolds. Ledford grabbed a .22 rifle; Reynolds grabbed a
9mm pistol and ran out the back door. Reynolds further testified that, once he was outside,
he looked into the cabin through a window and saw Ledford standing inside, holding the
rifle. According to Reynolds, Ledford saw Reynolds through the window, again threatened
to kill him, and then aimed the rifle at Reynolds. Reynolds shot first and struck Ledford.
Ledford did not fire his weapon. Reynolds maintained that he had no choice but to shoot
Ledford.

 Reynolds also testified about his attempts to dispose of Ledford's body. After
checking Ledford's pulse, Reynolds determined Ledford was dead. Reynolds rolled
Ledford's body in a rug, dragged it outside, and placed it in the burn pit. Though a fire
already was burning, Reynolds added wood to the fire. 

 Subsequently, Reynolds called his friend, Kelly Joe Goodson, to ask for advice. 
When Goodson did not answer the telephone, Reynolds left a message on Goodson's
answering machine. Reynolds then drove Ledford's car to his residence and walked back
home. Shortly after daylight, Reynolds again called Goodson, who answered this time. 
Reynolds told Goodson about shooting Ledford and putting the body on the burn pile. 
Reynolds asked Goodson not to tell anyone. Goodson, however, reported the incident to the
police. Law enforcement officers went to Reynolds's residence, obtained Reynolds's verbal
consent to search his property, and discovered Ledford's body in the pit. 

 We first consider issue two, which attacks Reynolds's indictment for being vague and
improperly amended. The indictment, in pertinent part, states: "Marlow Wayne Reynolds
did then and there intentionally or knowingly cause the death of an individual, namely, Leslie
Ledford, by shooting the said Leslie Ledford with a firearm and/or by manner and means
unknown to the Grand Jury . . . ." Reynolds argues that use of the term "and/or" causes
vagueness that results in a defective indictment. However, trial counsel made no objections
on these grounds prior to trial as required to preserve them for our review. See Ramirez v.
State, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003) (reiterating that indictment defect or
error must be raised before trial both to prevent waiver at trial and to bring issue on appeal); 
 Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). 

 Further, Reynolds maintains that the State's Amended Notice of Intent to Seek
Affirmative Finding of Use or Exhibition of a Deadly Weapon amended the indictment in
violation of article 28.10 of the Code of Criminal Procedure. (1)
 The amended notice informed
Reynolds and the trial court that the State intended to offer evidence that Reynolds "used or
exhibited a deadly weapon, to-wit: a firearm, fire, smoke, and/or an object which description
is unknown." 

 Under article I, section 19 of the Texas Constitution, an accused is entitled to notice
from the State in some form that the use and exhibition of a deadly weapon will be a fact
issue at the time of the prosecution. See Ex parte Brooks, 847 S.W.2d 247, 248 (Tex. Crim.
App. 1993). While the notice must be in writing, it may be independent of the indictment. 
Brooks, 847 S.W.2d at 248. Further, trial counsel did not object prior to trial. See Ramirez,
105 S.W.3d at 630. Because the indictment provided sufficient notice under Texas law, and
because Reynolds's arguments in issue two were not preserved for appeal, we find no error
in the indictment as asserted by Reynolds. We overrule issue two.

 In issue one, Reynolds complains of ineffective assistance of counsel. Under the two-pronged test articulated by the U.S. Supreme Court and adopted by the Texas Court of
Criminal Appeals, the appellant has the burden of proving by a preponderance of the
evidence that: (1) counsel's representation fell below an objective standard of
reasonableness, and (2) the deficient performance prejudiced the appellant. Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To establish the first prong, Reynolds
must show "that there is, in fact, no plausible professional reason for a specific act or
omission." Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). "Any allegation of
ineffectiveness must be firmly founded in the record. . . ." Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999). When there is no direct evidence establishing counsel's reasons
for the alleged ineffectiveness, we are to assume that trial counsel had "a strategic
motivation" unless we can imagine none. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001). Absent a record establishing ineffective assistance, the challenged conduct must
be "so outrageous that no competent attorney would have engaged in it." Id. (citing
Thompson, 9 S.W.3d at 814).

 Reynolds contends that his trial counsel was deficient in certain respects, including: 
(1) failure to object to an invalid indictment and (2) presenting prejudicial closing argument
by stating that the State had proved the elements of murder. As for Reynolds's complaint
that counsel failed to object to an invalid indictment, the record and applicable legal authority
does not support his contention that the indictment was invalid as explained in our discussion
of issue two. As for Reynolds's complaint that counsel stated that the prosecution had proved
the indictment's elements, we must view that statement in its context. Trial counsel's
obvious trial strategy was arguing that although Reynolds admittedly killed Ledford,
Reynolds was acting in self-defense. In closing argument, defense counsel explained first that
the jury was to consider whether Reynolds acted in self-defense. Then counsel stated that
all of the elements of murder had been proved as Reynolds "got up there and told you that." 
But then, defense counsel recapped the trial testimony in detail pointing out the testimony's
numerous consistencies with Reynolds's self-defense claim. We believe that the manner
Reynolds's attorney chose to argue the case maximized the chance that the jury might have
been persuaded that Reynolds acted in self-defense. Counsel's conduct regarding the
indictment and closing argument appears reasonable, and Reynolds has failed to demonstrate
otherwise on the record before us.

 Reynolds further claims that counsel provided ineffective assistance in numerous
other respects: (1) failure to object to anything said by the State or to any evidence offered
by the State; (2) failure to object to numerous inconsistencies throughout the trial; (3) failure
to object to evidence offered without allegedly requiring the State to establish a proper chain
of custody; (4) disregarding an arguable parallel of Reynolds's case to that of Robert Durst
in Galveston, County; (5) failure to object to the State's motion in limine in general and
failure to object specifically to inclusion of Durst's case in the State's motion; (6) failure to
obtain expert testimony on the cause of Ledford's death; (7) failure to request a change of
venue; and (8) failure to present pretrial argument on motion seeking to suppress Reynolds's
written and verbal statements.

 In this appeal, we have no record explaining counsel's thought processes and trial
strategy. A record is usually developed in a motion for new trial hearing or on writ of habeas
corpus. Redmond v. State, 30 S.W.3d 692, 698-99 (Tex. App.--Beaumont 2000, pet. ref'd).
Because Reynolds failed to show by a preponderance of the evidence that counsel's
representation fell below an objective standard of reasonableness, he has not met the first
prong of Strickland. Under these circumstances, we need not consider the second prong.
Garcia, 57 S.W.3d at 440. Issue one is overruled.

 In issue three, Reynolds argues that the State maintained an improper chain of custody
for physical evidence obtained from Vera Clapp. Reynolds maintains there was a three-day
delay between the time Clapp provided the evidence and the time it was logged in by the
evidence clerk. 

 The contested evidence consists of Ledford's personal items, specifically, a partial
dental plate, toothbrush, and toothbrush holder. At trial, a DNA expert testified that she
extracted DNA from Ledford's personal items provided by Clapp and compared that DNA
to other DNA obtained from the human remains found in the burn pit. She testified that,
within a reasonable degree of scientific certainty, the human remains were Ledford's. But,
even if the chain of custody were improper as Reynolds alleges, other evidence existed
showing that Ledford's body was the one burned in the pit. Reynolds himself testified that
he placed Ledford's body there and added wood to the fire. Further, there was no objection
to the State's offer of the evidence. See Tex. R. App. P. 33.1. Since no error was preserved
on the chain of custody issue for appeal, and because the error, if any, would not have been
harmful, issue three is overruled.

 In issues four through nine, Reynolds alleges prosecutorial misconduct. In issue
four, Reynolds says that, during voir dire, the prosecutor confused the jurors regarding the
manner and means of Ledford's death. In issue five, Reynolds asserts that the prosecutor
made "numerous false accusations in order to [misconstrue] the testimony of witnesses and
completely turn around" their testimony. In issue six, Reynolds appears to complain that the
prosecutor misconstrued the testimony of Kelly Goodson. In issue seven, Reynolds
complains that the prosecutor used the personal item evidence received from Vera Clapp
despite its alleged improper chain of custody. In issue eight, Reynolds complains that the
prosecutor filed an Amended Notice of Intent to Seek Affirmative Finding of Use or
Exhibition of a Deadly Weapon when there was no proof Reynolds shot and killed anyone.
In issue nine, Reynolds contends that, in the State's Motion in Limine, the prosecutor
requested that no mention of a plea bargain be discussed while the jury was present and then
she discussed it anyway. 

 However, Reynolds does not contend that any of these issues were preserved for our
review nor have we located any objections or motions for mistrial related to the alleged
prosecutorial misconduct. Because the Rules of Appellate Procedure require a showing that
such errors must first be raised with the trial court to be preserved for appeal, issues four,
five, six, seven, eight, and nine are overrruled. See Tex. R. App. P. 33.1 

 Issue ten alleges improper jury argument by the prosecutor. Reynolds contends that
the prosecutor continuously made remarks to the jury concerning totally unfounded
statements about how the decedent suffered a violent and senseless death. However,
Reynolds does not contend that this issue was preserved for our review nor have we located
any objection or motion for mistrial related to the alleged improper jury argument that would
preserve the issue. See Tex. R. App. P. 33.1. Issue ten is overruled. 

 Issue eleven complains of jury charge error. Reynolds argues that, in the punishment
phase, the trial court rushed the jury to finish its deliberations with the following comment:

 The Court: One housekeeping matter. I have a function I've got to go to at
5:00 and so I'll allow y'all to deliberate until 5:00. I'm not
trying to speed you up. Take all the time that you need. The
next day I have a budget hearing at 8:30 in Chambers County,
but I'll be back by 9:00. If we don't finish about five minutes
to 5:00, I'm going to call you back in and release you for the day
and then you'll be allowed to come back at 9 o'clock and start
your deliberations again. 


The jury deliberated from 3:47 p.m. until 4:48 p.m. when it returned its punishment verdict. 
This comment does not show that the trial court was rushing the jury; it shows that the trial
court was explaining the schedule for further deliberations. In addition, no objection was
made to the comment. See Tex. R. App. P. 33.1. Issue eleven is overruled.

 In addition to considering the issues presented by Reynolds, we have reviewed the
clerk's record and the reporter's record, and find no arguable error requiring us to order
appointment of new counsel to re-brief this appeal. Compare Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). We overrule the issues raised in the appellant's pro se
brief and affirm the trial court's judgment.

 AFFIRMED.

 __________________________

 HOLLIS HORTON

 Justice


Submitted on August 17, 2005

Opinion Delivered August 31, 2005

Do Not Publish


Before Gaultney, Kreger and Horton, JJ.



1.  Article 28.10 states:

 (a) After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date the trial on
the merits commences. On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the defendant, to
respond to the amended indictment or information.

 

 (b) A matter of form or substance in an indictment or information may also
be amended after the trial on the merits commences if the defendant does not object.

 

 (c) An indictment or information may not be amended over the defendant's
objection as to form or substance if the amended indictment or information charges
the defendant with an additional or different offense or if the substantial rights of the
defendant are prejudiced.


Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 1989).