Affirmed as Reformed and Opinion filed July 27, 2006








Affirmed as Reformed and Opinion filed July 27, 2006.        

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00946-CR

____________

 

DOMINIQUE LEKIE BLOUNT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 981,500

 

 

 

O P I N I
O N

            Appellant
pleaded not guilty to the offense of burglary of a habitation and was convicted
by a jury of the lesser included offense of aggravated assault.  In response to
a special issue, the jury found appellant used a deadly weapon in committing
the aggravated assault.  The trial court assessed punishment at twenty-two
years’ incarceration.  In a single issue, appellant contends, the trial court
erred in entering an affirmative finding that appellant used a deadly weapon
because the State did not provide appellant written notice of its intent to
seek such a finding.  We agree and reform the trial court’s judgment to
eliminate the 

 class=Section2>

deadly weapon finding. 
In doing so, we also note the judgment incorrectly states appellant was
convicted of burglary of a habitation and no enhancements apply.  In fact,
appellant was convicted of aggravated assault and pleaded true to the
enhancement.  Therefore, we reform the trial court’s judgment to eliminate the
deadly weapon finding, reflect that appellant was convicted of aggravated
assault, and pleaded true to the enhancement. We affirm the judgment as
modified.

I.  Factual and Procedural Background

            Appellant was
charged by indictment as follows:

DOMINIQUE LEKIE BLOUNT,
hereafter styled the Defendant, heretofore on or about MARCH 21, 2004, did then and there unlawfully, without the
effective consent of the owner, namely, without any consent of any kind,
intentionally and knowingly enter a habitation owned by [the complainant], a
person having a greater right to possession of the habitation than the
Defendant, and commit and attempt to commit a felony of AGGRAVATED ASSAULT.

            At the
guilt-innocence phase of trial, a special issue was submitted to the jury on
the  use of a deadly weapon.  The jury answered the issue affirmatively and
found that appellant used or exhibited a deadly weapon during the commission of
the offense.  Following a guilty verdict, appellant elected to have his punishment
assessed by the trial court.  The trial court entered an affirmative finding
that appellant used a deadly weapon in the commission of the offense and
assessed punishment at twenty-two years incarceration.  This appeal ensued..  

II.  Analysis

            On appeal,
appellant contends the trial court erred in entering the deadly weapon finding
because the State failed to provide written notice of its intent to seek a
deadly weapon finding.  




 








A.        Notice of State’s Intent to Seek Deadly
Weapon Finding

            A defendant
is entitled to notice that the State will seek an affirmative finding that a
deadly weapon was used or exhibited during the commission of the charged
offense.  Brooks v. State, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993)
(en banc); see also Ex parte Patterson, 740 S.W.2d 766, 775 (Tex. Crim.
App. 1987) (en banc), overruled on other grounds, Ex parte Beck, 769
S.W.2d 525, 526–27 (Tex. Crim. App. 1989) (en banc).  Notice need not be
contained in the indictment, but the defendant is entitled to notice in some
form that the use of a deadly weapon will be a fact issue at the time of
prosecution.  Ex parte Beck, 769 S.W.2d at 526.  The notice must be in
writing.  Brooks, 847 S.W.2d at 248.  

            Here,
appellant was given no written notice of any kind and no reference to a deadly
weapon was made in the indictment.  The State argues that the jury charge
submission itself constituted written notice of the State’s intent to seek a
deadly weapon finding, and that appellant forfeited his right to any further
notice by failing to object to the submission.  This argument is directly
contrary to Ex parte Patterson, in which the Court of Criminal Appeals
expressly presumed that before the charge was read to the jury, the “applicant
was afforded an opportunity to scrutinize the proposed jury charge and present
an objection” and “failed to object to submission of the special issue [seeking
a finding that the applicant had used or exhibited a deadly weapon].”  Ex
parte Patterson, 740 S.W.2d at 776.  Despite the appellant’s failure to
object, the court in Ex parte Patterson concluded the trial court
committed egregious error by submitting the special issue because:

[A]pplicant and the State joined issue on the deadly
weapon determination, if at all, only after all the evidence was in, both sides
had closed, and the charge was read to the jury.  Inasmuch as applicant’s
criminal trial operated also as a forum for litigating the deadly weapon issue,
it was conducted ex parte.  In no event could it be said under these
circumstances that a “fair and impartial” proceeding occurred.

Id. at 777 (internal citations
omitted). 

 class=Section4>

            The State
next argues that Ex parte Patterson has been superceded.  In support of
this argument, the State relies on Marin v. State, 851 S.W.2d 275 (Tex.
Crim. App. 1993) (en banc),[1]
in which the Court of Criminal Appeals wrote: “[O]ur system may be thought to
contain rules of three distinct kinds: (1) absolute requirements and
prohibitions; (2) rights of litigants which must be implemented by the system
unless expressly waived; and (3) rights of litigants which are to be
implemented upon request.”  Marin, 851 S.W.2d at 279.  Under Marin,
most evidentiary and procedural rules may be forfeited by the litigant’s
inaction, while many constitutional rights fall into the category of
“waivable-only” rights.  See id. at 278–79.  The State argues that the
holding in Ex parte Patterson must be reconsidered in light of Marin. 
Specifically, the State urges us to conclude that the appellant’s right to
notice of the State’s intent to seek a deadly weapon finding is a right which
was forfeited by the appellant’s failure to object to submission of the special
issue.  We disagree.

            Subsequent to
Marin, the Court of Criminal Appeals has continued to focus on the
adequacy of the State’s notice, rather than the adequacy of the defendant’s
objection.  See, e.g., Villescas v. State, 189 S.W.3d 290, 294 (Tex.
Crim. App. 2006) (“The ultimate question is whether constitutionally adequate
notice was given.”); Whatley v. State, 946 S.W.2d 73, 75 (Tex. Crim.
App. 1997) (en banc) (confirming that “a person in the position of the
defendant in Ex parte Patterson could be completely blindsided: he may
have no idea that an issue even exists concerning the use of a deadly weapon
because the State has failed to give any notice of its intent to seek a deadly
weapon finding.”); Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App.
1997) (en banc) (citing Ex parte Patterson for the proposition that the
State’s intent to seek a deadly weapon finding “must be pled in some form . . .
.”).  Likewise, appellate courts continue to hold that a defendant’s failure to
object at trial does not forfeit a defendant’s right to complain on appeal that
the State failed to give proper notice 

 class=Section5>

of its intent to seek a
deadly weapon finding.  See, e.g., Kennedy v. State, No. 12-05-00034-CR,
2006 WL 1026983, at *2 (Tex. App.—Tyler April 19, 2006, no pet.) (not released
for publication); Tellez v. State, 170 S.W.3d 158, 163 (Tex. App.—San
Antonio 2005, no pet.); Patterson v. State, 138 S.W.3d 643, 646–47 (Tex.
App.—Dallas 2004, no pet.).  Where the appellant receives no written notice of
the State’s intent and where the indictment itself does not implicate a deadly
weapon, we do not ask whether the appellant’s right to notice was forfeited by
mere inaction, but whether the appellant’s affirmative actions constitute a
knowing and voluntarily waiver of the appellant’s right to written notice.  See
Ex parte Minott, 972 S.W.2d 760, 761 (Tex. Crim. App. 1998).  In this case,
appellant did not waive his right to notice, and therefore, he did not waive
the error.  

B.        Harm Analysis

            The State’s
failure to provide notice of its intent to seek a deadly weapon finding
represents constitutional error.  Tellez, 170 S.W.3d at 163; Ex parte
Minott, 972 S.W.2d at 762.  We therefore consider whether appellant was
harmed by the lack of notice.  Cain v. State, 947 S.W.2d 262, 264 (Tex.
Crim. App. 1997) (en banc) (“Except for certain federal constitutional errors
labeled by the United States Supreme Court as ‘structural,’ no error . . . is
categorically immune to a harmless error analysis.”).  Thus, we must reverse
unless we determine beyond a reasonable doubt that the error did not contribute
to punishment.  Tex. R. App. P. 44.2(a);
Patterson, 138 S.W.3d at 647.

            We hold the
deadly weapon finding did not contribute to appellant’s conviction or the
length of his sentence.[2] 
See Ex parte Patterson, 740 S.W.2d at 778 (holding that submission of
the special issue “cannot vitiate the conviction and sentence, for it did not
impact upon the 

 class=Section6>

determination of
applicant’s guilt or length of sentence.”).  Rather, the finding affects the
character of appellant’s punishment in that it affects his parole eligibility. 
See Patterson, 138 S.W.3d at 648.  Therefore, the appropriate remedy is
reformation of the judgment to delete the affirmative finding.  Ex parte
Patterson, 740 S.W.2d at 778.

C.        Additional Reformation of
the Judgment

            The State
points out that the trial court’s judgment erroneously reflects appellant was
convicted of burglary of a habitation and does not reflect that appellant pled
true to the enhancement paragraph in the indictment.  Although the indictment
charged burglary of a habitation with the intent to commit aggravated assault,
the jury convicted appellant of the lesser offense of aggravated assault.  The
record further reflects that appellant pled true to the enhancement paragraph
in the indictment.  The trial court nonetheless listed the offense as burglary
of a habitation, and did not record appellant’s plea of true to the enhancement
paragraph.  When there is such an error, the proper remedy is reformation of
the judgment.  See Asberry v. State, 813 S.W.2d 526, 529 (Tex.
App.—Dallas 1991, pet. ref’d).  

            “The
authority of an appellate court to reform incorrect judgments is not dependent
upon the request of any party, nor does it turn on the question of whether a
party has or has not objected in the trial court.”  Id. at 529–30.  On
our own motion, we therefore additionally reform the judgment to reflect that
appellant was convicted of aggravated assault, rather than  burglary of a
habitation, and that appellant pled true to the enhancement paragraph.




 

III. 
Conclusion

            For the
foregoing reasons, we reform the trial court’s judgment to delete the affirmative
deadly weapon finding, and to reflect that appellant was convicted of
aggravated assault and pleaded true to the enhancement paragraph.  We affirm
the trial court’s judgment as reformed.

 

                                                                        

                                                            /s/
       Eva M. Guzman

                                                                        Justice

 

 

Judgment rendered and Opinion filed July 27, 2006.

Panel consists of Chief Justice Hedges and Justices
Yates and Guzman.

Publish — Tex.
R. App. P. 47.2(b).









[1] 
Marin has been partially overruled on other grounds by subsequent
opinions. See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997);
Matchett v. State, 941 S.W.2d 922, 928 (Tex. Crim. App. 1996) (en banc).






[2] 
The use or exhibition of a deadly weapon is not a required element of
aggravated assault.  See Tex.
Penal Code Ann. § 22.02 (Vernon Supp. 2005).  Moreover, appellant
challenges only the finding that he used or exhibited a deadly weapon in
connection with the underlying offense.  He did not object to a lack of
specificity in the indictment, and does not challenge the legal or factual
sufficiency of the evidence to support his conviction for aggravated assault.