

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

Nos. 04-08-00156-CR; 04-08-00157-CR & 04-08-00158-CR

Ryan **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2006-CR-2198; 2006-CR-2199 & 2006-CR-2200
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:    January 28, 2009

AFFIRMED

Ryan Gonzalez was convicted of two offenses of intoxication manslaughter and one offense of intoxication assault. On appeal, Gonzalez contends that the trial court erred by: (1) submitting a deadly weapon issue to the jury; (2) ordering his probated sentence to run consecutively to his prison sentences; and (3) failing to impose specific conditions of probation at the time he was sentenced. We affirm the trial court's judgments.

**DEADLY WEAPON ISSUE**

In his first issue, Gonzalez raises numerous challenges to the trial court's submission of a deadly weapon issue to the jury including complaints relating to the failure to include notice in the indictment, the absence of a required culpable mental state, and the imposition of cruel and unusual punishment. The State initially asserts that Gonzalez did not preserve any of his complaints because he failed to present any of these arguments to the trial court. We agree.

"As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1). By failing to present his complaints to the trial court, Gonzalez waived the arguments made in his first issue, including any complaints relating to constitutional violations and the imposition of cruel and unusual punishment. *See id.*; *see also Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Furthermore, we note that the Texas Court of Criminal Appeals has held that notice of the State's intent to seek a deadly weapon finding is not required to be included in the indictment. *See Brooks v. State*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993). The records from each of these appeals contains a written notice of intent to seek a deadly weapon finding filed by the State more than one year before trial which provided Gonzalez with adequate notice. *See Campos v. State*, 256 S.W.3d 757, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Moreover, we further note specific intent to use a motor vehicle as a deadly weapon is not required.[1] *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).

---

[1] In his reply brief, Gonzalez argues that he preserved the complaints raised in his first issue in his motion for new trial. Even if we liberally construe Gonzalez's motion for new trial as preserving his complaint regarding whether a specific culpable mental state is required to be proven in order for a jury to make a deadly weapon finding, the Texas Court of Criminal Appeals noted in *Drichas* that no such specific intent must be proven. 175 S.W.3d at 798.

Gonzalez's first issue is overruled.

## CONSECUTIVE SENTENCE

In his second issue, Gonzalez complains that the trial court erred in ordering his probated sentence to run consecutively to his prison sentences. Gonzalez was sentenced to twelve years imprisonment for each of the intoxication manslaughter offenses, which sentences were ordered to run concurrently. Gonzalez was also sentenced to ten years community supervision for the intoxication assault offense, which was ordered to run consecutively to the other sentences.

In support of his contention, Gonzalez cites *Green v. State*, 706 S.W.2d 653 (Tex. Crim. App. 1986). The court in *Green*, however, was considering statutory language prior to amendments to the statute "designed to *broaden* a trial court's ability to stack sentences by affording the option of stacking periods of community supervision, or stacking a prison term and period of community supervision – an option that had not been present in the prior version of the statute." *Pettigrew v. State*, 48 S.W.3d 769, 772 & n.17 (Tex. Crim. App. 2001) (emphasis in original) (citing *Green* as being decided under the prior version of the statute). Furthermore, while sentences for offenses arising out of the same criminal episode prosecuted in a single criminal action generally are required to run concurrently, an express statutory exception permits the sentences to run consecutively for intoxication manslaughter and intoxication assault offenses. TEX. CODE CRIM. PROC. ANN. art. 3.03(b)(1)(A) (Vernon Supp. 2008). Finally, the Texas Court of Criminal Appeals has rejected Gonzalez's argument that he has the right to have the jury consider the cumulation of his sentences. *See Alameda v. State*, 235 S.W.3d 218, 224 (Tex. Crim. App. 2007).

Gonzalez's second issue is overruled.

TERMS AND CONDITIONS OF COMMUNITY SUPERVISION

In his final issue, Gonzalez complains that the trial court erred in failing to assess all of the terms and conditions of his community supervision which he will begin serving upon the completion of his prison sentences. Once again, however, the record establishes that Gonzalez failed to preserve this complaint for our review. TEX. R. APP. P. 33.1. Not only did Gonzalez fail to object to the trial court's ruling, but his attorney expressly acquiesced in the decision to postpone finalizing the terms and conditions until the time that Gonzalez begins serving his community supervision. *See Prytash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (noting "law of invited error estops a party from making an appellate error of an action it induced").

Gonzalez's third issue is overruled

CONCLUSION

The trial court's judgments are affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH