*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-11-00111-CR

John Patrick **JAMES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR9766
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  November 9, 2011

AFFIRMED

Appellant John Patrick James appeals his conviction for aggravated robbery.  James raises two issues on appeal: (1) the trial court erred in making an affirmative finding that a deadly weapon was used in commission of the charged crime because the State failed to identify and provide sufficient notice that use of a deadly weapon would be a fact issue at the time of trial; and (2) the trial court erred in not *sua sponte* including a lesser-included offense.  We affirm the trial court's judgment.

**BACKGROUND**

On August 13, 2008, sixty-eight year old Arnold Garza approached James as he was attempting to steal Garza's vehicle. James was using a hammer and a screwdriver to crack the vehicle's steering column. Garza ordered James to stop, but James refused. Garza reached inside the car and grabbed James's arm. Garza then fell or was pulled into the car. At some point, James dropped the screwdriver and hammer and repeatedly hit Garza with both hands. Garza's wife witnessed the events and hit James in the legs with her own hammer. James exited the car and threatened the Garzas with his hammer before fleeing when he heard police sirens. Police quickly apprehended James and brought him back to the Garzas' home, where they positively identified him. James admits to the attempted theft but denies assaulting Garza.

James was indicted for aggravated robbery. He pled not guilty. James appeared pro se, and the jury found him guilty. The court assessed punishment at twenty-eight years' imprisonment. James appeals.

**USE OF A DEADLY WEAPON**

James argues on appeal that the State failed to give him legally sufficient notice that the State would seek an affirmative finding of a deadly weapon because (1) the indictment made no reference to a deadly weapon, and (2) formal written notice was never provided either at the guilt-innocence phase or prior to the punishment phase.

**A. Applicable Law**

"A defendant is entitled to notice that the State will seek an affirmative finding that a deadly weapon was used during the commission of the charged crime." *Brooks v. State*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993) (citing *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex. Crim. App. 1987)). While such notice need not appear in the indictment, some form of written

notice must apprise the defendant "that the use of a deadly weapon will be a fact issue." *Id.* (citing *Patterson*, 740 S.W.2d at 776; *Luken v. State*, 780 S.W.2d 264 (Tex. Crim. App. 1989)).

## B. Analysis

Here, James received written notice of the State's intent to obtain an affirmative finding that he used a deadly weapon during the commission of the aggravated robbery. *See Brooks*, 847 S.W.2d at 248. At the pretrial hearing, the State explicitly stated on the record that the motion was filed. Moreover, the trial court advised James of the effect of such a finding. The record includes the State's pretrial motion informing James of the State's intent to pursue the affirmative finding, and the record shows the notice was filed six days before James's punishment hearing. *See Spelling v. State*, 825 S.W.2d 533, 535 (Tex. App.—Fort Worth 1992, no pet.) (holding that the State's notice to seek an affirmative finding of use of a deadly weapon given eleven days prior to the punishment hearing was adequate); *Guss v. State*, 763 S.W.2d 609, 610 (Tex. App.—Amarillo 1989, no pet.). Here, James does not argue that the timing of the State's notice was inadequate. Rather, he contends that he received no written notice of the State's intent to seek an affirmative finding of use of a deadly weapon. Accordingly, we do not determine whether the State's filing of the notice six days prior to the punishment phase is an adequate amount of time to give a defendant notice. James's first point of error is overruled.

**LESSER-INCLUDED OFFENSE**

In his second point of error, James argues that he was harmed by the trial court's failure to *sua sponte* instruct the jury on the lesser-included offense of attempted theft.

## A. Applicable Law

"[A trial court] has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged"; however, the trial court has no duty

to *sua sponte* instruct the jury on a lesser-included offense. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *accord Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010). No such duty is imposed because lesser-included instructions are like defensive issues that "'frequently depend upon trial strategy and tactics.'" *Tolbert*, 306 S.W.3d at 780 (quoting *Delgado*, 235 S.W.3d at 249–50).

## B. Analysis

James's appellate brief correctly notes that a trial court has no *sua sponte* duty to include a lesser-included offense in a jury charge. However, James argues that failure to include a lesser charge caused serious prejudice and egregious harm because he was deprived of the right to be heard at trial. James seems to assert that a defendant appearing pro se should be afforded greater protection by the trial court, and, therefore, a *sua sponte* duty to include a lesser charge arises when the defendant appears pro se. However, a defendant "will not be granted any special consideration solely because he asserted his pro se rights." *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988); *accord Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). Because the trial court had no duty to *sua sponte* include a lesser-included offense with the jury charge, James's second point of error is overruled.

CONCLUSION

James had notice of the State's intent to seek an affirmative finding that a deadly weapon was used during the commission of the charged crime. Further, the trial court had no duty to include, *sua sponte*, a lesser-included offense in the jury charge. Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH