**Dominique Lekie BLOUNT, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00946–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 27, 2006.

---

Clyde Williams, Houston, for appellants.

Donald W. Rogers, Jr., Houston, for State.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

Appellant pleaded not guilty to the offense of burglary of a habitation and was convicted by a jury of the lesser included offense of aggravated assault. In response to a special issue, the jury found appellant used a deadly weapon in committing the aggravated assault. The trial court assessed punishment at twenty-two years' incarceration. In a single issue, appellant contends, the trial court erred in entering an affirmative finding that appellant used a deadly weapon because the State did not provide appellant written notice of its intent to seek such a finding. We agree and reform the trial court's judgment to eliminate the deadly weapon finding. In doing so, we also note the judgment incorrectly states appellant was convicted of burglary of a habitation and no enhancements apply. In fact, appellant was convicted of aggravated assault and pleaded true to the enhancement. Therefore, we reform the trial court's judgment to eliminate the deadly weapon finding, reflect that appellant was convicted of aggravated assault, and pleaded true to the enhancement. We affirm the judgment as modified.

## I. Factual and Procedural Background

Appellant was charged by indictment as follows:

DOMINIQUE LEKIE BLOUNT, hereafter styled the Defendant, heretofore on or about MARCH 21, 2004, did then and there unlawfully, without the effective consent of the owner, namely, without any consent of any kind, intentionally and knowingly enter a habitation owned by [the complainant], a person having a greater right to possession of the habitation than the Defendant, and commit and attempt to commit a felony of AGGRAVATED ASSAULT.

At the guilt-innocence phase of trial, a special issue was submitted to the jury on the use of a deadly weapon. The jury answered the issue affirmatively and found that appellant used or exhibited a deadly weapon during the commission of the offense. Following a guilty verdict, appellant elected to have his punishment assessed by the trial court. The trial court entered an affirmative finding that appellant used a deadly weapon in the commission of the offense and assessed punishment at twenty-two years incarceration. This appeal ensued.

## II. Analysis

On appeal, appellant contends the trial court erred in entering the deadly weapon finding because the State failed to provide written notice of its intent to seek a deadly weapon finding.

## A. Notice of State's Intent to Seek Deadly Weapon Finding

■ A defendant is entitled to notice that the State will seek an affirmative finding that a deadly weapon was used or exhibited during the commission of the charged offense. *Brooks v. State,* 847 S.W.2d 247, 248 (Tex.Crim.App.1993) (en banc); *see also Ex parte Patterson,* 740 S.W.2d 766, 775 (Tex.Crim.App.1987) (en banc), *overruled on other grounds, Ex parte Beck,* 769 S.W.2d 525, 526–27 (Tex.

Crim.App.1989) (en banc). Notice need not be contained in the indictment, but the defendant is entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution. *Ex parte Beck,* 769 S.W.2d at 526. The notice must be in writing. *Brooks,* 847 S.W.2d at 248.

■ Here, appellant was given no written notice of any kind and no reference to a deadly weapon was made in the indictment. The State argues that the jury charge submission itself constituted written notice of the State's intent to seek a deadly weapon finding, and that appellant forfeited his right to any further notice by failing to object to the submission. This argument is directly contrary to *Ex parte Patterson,* in which the Court of Criminal Appeals expressly presumed that before the charge was read to the jury, the "applicant was afforded an opportunity to scrutinize the proposed jury charge and present an objection" and "failed to object to submission of the special issue [seeking a finding that the applicant had used or exhibited a deadly weapon]." *Ex parte Patterson,* 740 S.W.2d at 776. Despite the appellant's failure to object, the court in *Ex parte Patterson* concluded the trial court committed egregious error by submitting the special issue because:

> [A]pplicant and the State joined issue on the deadly weapon determination, if at all, only after all the evidence was in, both sides had closed, and the charge was read to the jury. Inasmuch as applicant's criminal trial operated also as a forum for litigating the deadly weapon issue, it was conducted *ex parte.* In no event could it be said under these cir-

cumstances that a "fair and impartial" proceeding occurred.

*Id.* at 777 (internal citations omitted).

The State next argues that *Ex parte Patterson* has been superceded. In support of this argument, the State relies on *Marin v. State,* 851 S.W.2d 275 (Tex.Crim. App.1993) (en banc),[1] in which the Court of Criminal Appeals wrote: "[O]ur system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Marin,* 851 S.W.2d at 279. Under *Marin,* most evidentiary and procedural rules may be forfeited by the litigant's inaction, while many constitutional rights fall into the category of "waivable-only" rights. *See id.* at 278–79. The State argues that the holding in *Ex parte Patterson* must be reconsidered in light of *Marin.* Specifically, the State urges us to conclude that the appellant's right to notice of the State's intent to seek a deadly weapon finding is a right which was forfeited by the appellant's failure to object to submission of the special issue. We disagree.

■ Subsequent to *Marin,* the Court of Criminal Appeals has continued to focus on the adequacy of the State's notice, rather than the adequacy of the defendant's objection. *See, e.g., Villescas v. State,* 189 S.W.3d 290, 294 (Tex.Crim.App.2006) ("The ultimate question is whether constitutionally adequate notice was given."); *Whatley v. State,* 946 S.W.2d 73, 75 (Tex. Crim.App.1997) (en banc) (confirming that "a person in the position of the defendant in *Ex parte Patterson* could be completely blindsided: he may have no idea that an

---

1. *Marin* has been partially overruled on other grounds by subsequent opinions. *See Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App. 1997); *Matchett v. State,* 941 S.W.2d 922, 928 (Tex.Crim.App.1996) (en banc).

issue even exists concerning the use of a deadly weapon because the State has failed to give any notice of its intent to seek a deadly weapon finding."); *Brooks v. State*, 957 S.W.2d 30, 34 (Tex.Crim.App.1997) (en banc) (citing *Ex parte Patterson* for the proposition that the State's intent to seek a deadly weapon finding "must be pled in some form. . . ."). Likewise, appellate courts continue to hold that a defendant's failure to object at trial does not forfeit a defendant's right to complain on appeal that the State failed to give proper notice of its intent to seek a deadly weapon finding. *See, e.g., Kennedy v. State*, No. 12–05–00034–CR, 2006 WL 1026983, at *2 (Tex.App.-Tyler April 19, 2006, no pet.) (not released for publication); *Tellez v. State*, 170 S.W.3d 158, 163 (Tex.App.-San Antonio 2005, no pet.); *Patterson v. State*, 138 S.W.3d 643, 646–47 (Tex.App.-Dallas 2004, no pet.). Where the appellant receives no written notice of the State's intent and where the indictment itself does not implicate a deadly weapon, we do not ask whether the appellant's right to notice was forfeited by mere inaction, but whether the appellant's affirmative actions constitute a knowing and voluntarily waiver of the appellant's right to written notice. *See Ex parte Minott*, 972 S.W.2d 760, 761 (Tex.Crim.App.1998). In this case, appellant did not waive his right to notice, and therefore, he did not waive the error.

## B. Harm Analysis

■ The State's failure to provide notice of its intent to seek a deadly weapon finding represents constitutional error. *Tellez*, 170 S.W.3d at 163; *Ex parte Minott*, 972 S.W.2d at 762. We therefore consider whether appellant was harmed by the lack of notice. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997) (en banc) ("Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error . . . is categorically immune to a harmless error analysis."). Thus, we must reverse unless we determine beyond a reasonable doubt that the error did not contribute to punishment. Tex.R.App. P. 44.2(a); *Patterson*, 138 S.W.3d at 647.

We hold the deadly weapon finding did not contribute to appellant's conviction or the length of his sentence.[2] *See Ex parte Patterson*, 740 S.W.2d at 778 (holding that submission of the special issue "cannot vitiate the conviction and sentence, for it did not impact upon the determination of applicant's guilt or length of sentence."). Rather, the finding affects the character of appellant's punishment in that it affects his parole eligibility. *See Patterson*, 138 S.W.3d at 648. Therefore, the appropriate remedy is reformation of the judgment to delete the affirmative finding. *Ex parte Patterson*, 740 S.W.2d at 778.

## C. Additional Reformation of the Judgment

■ The State points out that the trial court's judgment erroneously reflects appellant was convicted of burglary of a habitation and does not reflect that appellant pled true to the enhancement paragraph in the indictment. Although the indictment charged burglary of a habitation with the intent to commit aggravated assault, the jury convicted appellant of the lesser offense of aggravated assault. The record further reflects that appellant pled true to the enhancement paragraph in the indict-

---

**2.** The use or exhibition of a deadly weapon is not a required element of aggravated assault. *See* Tex. Penal Code Ann. § 22.02 (Vernon Supp.2005). Moreover, appellant challenges only the finding that he used or exhibited a deadly weapon in connection with the under-

lying offense. He did not object to a lack of specificity in the indictment, and does not challenge the legal or factual sufficiency of the evidence to support his conviction for aggravated assault.

ment. The trial court nonetheless listed the offense as burglary of a habitation, and did not record appellant's plea of true to the enhancement paragraph. When there is such an error, the proper remedy is reformation of the judgment. *See Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd).

"The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30. On our own motion, we therefore additionally reform the judgment to reflect that appellant was convicted of aggravated assault, rather than burglary of a habitation, and that appellant pled true to the enhancement paragraph.

### III. Conclusion

For the foregoing reasons, we reform the trial court's judgment to delete the affirmative deadly weapon finding, and to reflect that appellant was convicted of aggravated assault and pleaded true to the enhancement paragraph. We affirm the trial court's judgment as reformed.