COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO. 2-06-209-CR

NO. 2-06-210-CR

NO. 2-06-211-CR

NO. 2-06-212-CR

 

JAMES
HARDIN PENN                                                          APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant James Hardin Penn entered an open plea
of guilty to forgery and three counts of robbery by threat.  In each robbery case, he also entered an open
plea of true to an enhancement paragraph. 
The trial court convicted Appellant and sentenced him to two years=
confinement in the State Jail Division of the Texas Department of Criminal
Justice (TDCJ) on the forgery conviction and twenty-five years=
confinement in the Institutional Division of 
the TDCJ on each robbery conviction, with all sentences to run
concurrently.       In each case, Appellant=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his brief,
counsel has reviewed the history of the case, including detailing the evidence
presented. Counsel=s brief and motion meet the
requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why, in his
opinion, there are no reversible grounds on appeal and referencing any grounds
that he believes might arguably support the appeal.[3]








Appellant has also filed a pro se brief,
contending that the evidence is legally insufficient to support his
convictions, that he received ineffective assistance of counsel at trial, that
he did not fully understand the consequences of pleading guilty, that the
sentences he received in the robbery cases amounted to cruel and unusual
punishment, and, significantly, that there was no bodily injury in any of the
robbery cases.  Because the written
judgments in the robbery cases provide that Appellant was convicted of robbery
causing bodily injury rather than robbery by threat, we modify those judgments
to show that he was convicted of robbery by threat, not robbery causing bodily
injury.  We grant Appellant=s
appellate counsel=s motion to withdraw in each
case, affirm the trial court=s
judgment in the forgery case, and affirm the judgments as modified in the
robbery cases.

In our duties as a reviewing court, we must
conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.[4]  Only then may we grant counsel=s motion
to withdraw.[5]  We have carefully reviewed the record,
counsel=s brief,
and Appellant=s pro se brief.  We agree with counsel that the appeal in the
forgery case is wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeal in the forgery case.[6]








In the robbery cases, however, the indictments,
written plea admonishments, judicial confessions, statements of defense counsel
and the prosecutor located in the reporter=s
record, and appellate briefs filed by appellate counsel for both Appellant and
the State all show that the offenses for which Appellant was indicted and
convicted are robberies by threat. The judgments, which provide that Appellant
was convicted for robbery causing bodily injury, are therefore wrong.  Our independent review revealed no other
arguable ground of error.[7]  Accordingly, the judgments in the robbery
cases should be modified to reflect that Appellant was convicted of robbery by
threat, not robbery causing bodily injury.[8]

In a similar Anders case concerning the
improper award of parole fees in a judgment, we held,

[R]eformation of the
judgment constitutes the granting of some relief to the defendant.  When a defendant is eligible for some relief,
an appeal typically cannot be considered Afrivolous.@

 

In an Anders appeal, when our examination of the record reveals
that nonfrivolous grounds for appeal exist, . . . we normally abate the appeal
and remand the cause to the trial court with instructions to appoint a new
attorney for the appellant; the new attorney is then required to file a brief
raising the nonfrivolous grounds that we have identified, as well as any
additional grounds that the attorney discovers.

 








Here, however, we decline to abate the appeal and remand the cause to
the trial court for the appointment of new counsel.  We instead exercise our authority to simply
order the judgment . . . modified.  The
arguable ground for appeal which we have located . . . presents an issue of law
that this court has already addressed on multiple occasions, so we have binding
precedent to guide us.  Abatement . . .
would require the trial court to do a useless taskCappoint counsel to raise
an issue of law that we have previously ruled onCthus we decline to abate
. . . .[9]

 

Because the Texas Court of Criminal Appeals and various intermediate
appellate courts have already ruled on the issue presented in these cases, we
likewise decline to abate here.[10]

Consequently, we modify the judgments in the
three robbery cases to show convictions for robbery by threat, not robbery
causing bodily injury, we grant the motion to withdraw in each case, and we
affirm the trial court=s judgment in the forgery case
and the three judgments as modified in the robbery cases.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J. 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  May 24, 2007











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396 (1967).





[3]See Mays v. State, 904 S.W.2d 920, 922‑23 (Tex. App.CFort Worth 1995, no pet.).





[4]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 923.





[5]See Penson v. Ohio, 488 U.S. 75, 83‑84, 109 S. Ct. 346, 351 (1988).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).





[7]See id.





[8]See, e.g.,
Brim v. State, 379 S.W.2d 664, 664 (Tex. Crim. App. 1964); Blount v.
State, 201 S.W.3d 170, 175 (Tex. App.CHouston [14th Dist.] 2006, pet. granted); Asberry
v. State, 813 S.W.2d 526, 529 (Tex. App.CDallas 1991, pet. ref=d).





[9]Bray v. State,
179 S.W.3d 725, 729 (Tex. App.CFort Worth 2005, no pet.) (en banc) (citations
omitted).





[10]See, e.g.,
Brim, 379 S.W.2d at 664; Blount, 201 S.W.3d at 175; Asberry,
813 S.W.2d at 529.