COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-209-CR

NO. 2-06-210-CR

NO. 2-06-211-CR

NO. 2-06-212-CR

JAMES HARDIN PENN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Hardin Penn entered an open plea of guilty to forgery and three counts of robbery by threat.  In each robbery case, he also entered an open plea of true to an enhancement paragraph.  The trial court convicted Appellant and sentenced him to two years’ confinement in the State Jail Division of the Texas Department of Criminal Justice (TDCJ) on the forgery conviction and twenty-five years’ confinement in the Institutional Division of  the TDCJ on each robbery conviction, with all sentences to run concurrently.   In each case, Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his brief, counsel has reviewed the history of the case, including detailing the evidence presented. Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why, in his opinion, there are no reversible grounds on appeal and referencing any grounds that he believes might arguably support the appeal.
(footnote: 3)
 Appellant has also filed a pro se brief, contending that the evidence is legally insufficient to support his convictions, that he received ineffective assistance of counsel at trial, that he did not fully understand the consequences of pleading guilty, that the sentences he received in the robbery cases amounted to cruel and unusual punishment, and, significantly, that there was no bodily injury in any of the robbery cases.  Because the written judgments in the robbery cases provide that Appellant was convicted of robbery causing bodily injury rather than robbery by threat, we modify those judgments to show that he was convicted of robbery by threat, not robbery causing bodily injury.  We grant Appellant’s appellate counsel’s motion to withdraw in each case, affirm the trial court’s judgment in the forgery case, and affirm the judgments as modified in the robbery cases.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5)  We have carefully reviewed the record, counsel’s brief, and Appellant’s pro se brief.  We agree with counsel that the appeal in the forgery case is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal in the forgery case.
(footnote: 6)
 In the robbery cases, however, the indictments, written plea admonishments, judicial confessions, statements of defense counsel and the prosecutor located in the reporter’s record, and appellate briefs filed by appellate counsel for both Appellant and the State all show that the offenses for which Appellant was indicted and convicted are robberies by threat. The judgments, which provide that Appellant was convicted for robbery causing bodily injury, are therefore wrong.  Our independent review revealed no other arguable ground of error.
(footnote: 7)  Accordingly, the judgments in the robbery cases should be modified to reflect that Appellant was convicted of robbery by threat, not robbery causing bodily injury.
(footnote: 8)
 In a similar 
Anders
 case concerning the improper award of parole fees in a judgment, we held,

[R]eformation of the judgment constitutes the granting of some relief to the defendant.  When a defendant is eligible for some relief, an appeal typically cannot be considered “frivolous.”

In an 
Anders
 appeal, when our examination of the record reveals that nonfrivolous grounds for appeal exist, . . . we normally abate the appeal and remand the cause to the trial court with instructions to appoint a new attorney for the appellant; the new attorney is then required to file a brief raising the nonfrivolous grounds that we have identified, as well as any additional grounds that the attorney discovers.

Here, however, we decline to abate the appeal and remand the cause to the trial court for the appointment of new counsel.  We instead exercise our authority to simply order the judgment . . . modified.  The arguable ground for appeal which we have located . . . presents an issue of law that this court has already addressed on multiple occasions, so we have binding precedent to guide us.  Abatement . . . would require the trial court to do a useless task—appoint counsel to raise an issue of law that we have previously ruled on—thus we decline to abate . . . .
(footnote: 9)

Because the Texas Court of Criminal Appeals and various intermediate appellate courts have already ruled on the issue presented in these cases, we likewise decline to abate here.
(footnote: 10)
 Consequently, we modify the judgments in the three robbery cases to show convictions for robbery by threat, not robbery causing bodily injury, we grant the motion to withdraw in each case, and we affirm the trial court’s judgment in the forgery case and the three judgments as modified in the robbery cases.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 24, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.

5:
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

6:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

7:
See id
.

8:
See
,
 e.g.
,
 Brim v. State
, 379 S.W.2d 664, 664 (Tex. Crim. App. 1964); 
Blount v. State
, 201 S.W.3d 170, 175 (Tex. App.—Houston [14th Dist.] 2006, pet. granted); 
Asberry v. State
, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref’d).

9:
Bray v. State
, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (citations omitted).

10:
See
,
 e.g.
,
 Brim
, 379 S.W.2d at 664; 
Blount
, 201 S.W.3d at 175; 
Asberry
, 813 S.W.2d at 529.