IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






No. PD-1645-06






DOMINIQUE LEKIE BLOUNT, Appellant


v.


THE STATE OF TEXAS






On Discretionary Review of Case 14-04-00946-CR of the

Fourteenth Court of Appeals,

Harris County





 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined.
Meyers, J., dissented.



 The question in this case is whether the appellant was given adequate notice that there
would be an issue of his use or exhibition of a deadly weapon in the commission of the offense
of burglary of a habitation in which he committed or attempted to commit aggravated assault.

 This court considered the issue of notice twenty years ago in Ex parte Patterson when it
granted habeas corpus relief to a prisoner who had been convicted of murder and whose
eligibility for parole was affected by the inclusion in the convicting court's judgment of an
affirmative finding that he used a deadly weapon. (1) The basis for relief was not clear since the
Court was fragmented and the support for the opinions was not clearly described. (2)

 The lack of clarity was made moot within two years when the Court said in another
murder case, "Language in Ex parte Patterson is overruled to the extent of conflict with [today's]
holding." (3) That holding was cast in these terms:

 The State argues that it is "totally illogical for the Applicant to contend
that an indictment charging her with causing the death of an individual by shooting him with a gun did not notify her that the gun was an object that 'in the
manner of its use or intended use is capable of causing death or serious bodily
injury.' Texas Penal Code, § 1.07(a)(11)(B) ."

 Section 1.07(a)(11)(B), supra, provides:

 "Deadly weapon" means:

 * * * * * *

 (B) anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.

 We agree with the State. It is apparent that any allegation which avers a
death was caused by a named weapon or instrument necessarily includes an
allegation that the named weapon or instrument was, "in the manner of its use 
capable of causing" (since it did cause) death. Thus, applicant had sufficient
notice that the weapon alleged is a deadly weapon and that her use of a deadly
weapon would be an issue in the State's murder prosecution. Thus, the concerns
and individual constitutional guarantees elucidated in Ex parte Patterson are
satisfied. (4)


 Later in the same year, this court extended its reasoning to a case in which the indictment
alleged that the defendant caused serious bodily injury less than death. The Court said:

 Applying the rationale from Beck, we hold that appellant had sufficient notice that
use of a deadly weapon would be a fact issue at his trial. Under § 1.07(a)(11)(B),
a deadly weapon is "anything that in the manner of its use or intended use is
capable of causing  serious bodily injury." As noted earlier, the indictment
alleged that appellant "caused serious bodily injury" to complainant by placing
him in hot liquid. This language in the indictment necessarily includes an allegation that the hot liquid in this case, water, was a deadly weapon because "in the
manner of its use [the water was capable of] caus[ing] serious bodily injury." 
Thus, appellant had sufficient notice that the nature of the weapon alleged in the
indictment would be an issue at trial and that the State may seek an affirmative
finding on the use of the weapon. (5)


 Likewise, the Beck rationale extends to the case before us in which the indictment alleged
a burglary of a habitation in which, after entering, the appellant "committed and attempted to
commit a felony of aggravated assault."

 Aggravated assault may be committed in only two ways: (1) by "caus[ing] serious bodily
injury" (6) or (2) by "us[ing] or exhibit[ing] a deadly weapon during the commission of the
assault." (7) Each of these involves the use of a deadly weapon. The first way necessarily implies
the use of a deadly weapon, which is "anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury." (8) The second way specifies the use of a deadly
weapon. Therefore an allegation that a defendant committed aggravated assault gives him notice
that the deadly nature of the weapon alleged in the indictment would be an issue at trial and that
the State may seek an affirmative finding on the use of the weapon.

 The Court of Appeals erred in holding that "the appellant was given no written notice of
any kind[,] and no reference to a deadly weapon was made in the indictment." (9)

 The judgment of the Court of Appeals is reversed, and the judgment of the District Court
is affirmed.


Delivered July 2, 2008.

Publish.
1. See Ex parte Patterson, 740 S.W.2d 766 (Tex. Cr. App. 1987).
2. An opinion by Judge Clinton (id., at 767) announced the order granting relief (see id., at 778), and it was
treated by annotators (and to some extent by other members of the Court) as being the opinion of the Court, but in
fact it was not joined by any other member of the Court. Judge Miller filed an opinion for a plurality of three judges,
but it was called a "concurring" opinion. See ibid. The Court announced that Judge Teague "concurs in result." Ibid.

Judge Campbell was unofficially reported to have "concurred in result." Id., at 766. Two members of the Court
dissented, and one did not participate. Id., at 778.
3. Ex parte Beck, 769 S.W.2d 525, 528 (Tex. Cr. App. 1989).
4. Id., at 526-27 (emphases in original).
5. Gilbert v. State, 769 S.W.2d 535, 536-37 (Tex. Cr. App. 1989).
6. Penal Code § 22.02(a)(1).
7. Id., § 22.02(a)(2).
8. Id., § 1.07(a)(17)(B).
9. Blount v. State, 201 S.W.3d 170, 173 (Tex. App. -- Houston [14th Dist.] 2006).