02-11-533-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00533-CR

 

 









 
 
 Rachel
 Smith
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 362nd District
 Court
  
 of
 Denton County (F-2011-0398-D)
  
 December
 6, 2012
  
 Opinion
 by Justice Walker
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Sue Walker








 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00533-CR

 

 


 
 
 Rachel Smith
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 362nd
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Rachel Smith appeals her conviction for burglary of a habitation.  In two
points, Smith argues that the trial court erred by refusing to charge the jury
on the lesser-included offense of criminal trespass and by submitting a
deadly-weapon issue to the jury.  We will affirm.

II.  Factual and Procedural Background

          The
Paramo family lived in a one-bedroom apartment in Lewisville, Texas. Around
3:00 a.m., while Oscar Paramo Sr. (Senior), his wife Maribel, and his two young
daughters were asleep in the living room of the apartment, Senior awoke to the
sound of a cell phone vibrating.  He noticed a person, later identified as Smith,
crouching in the corner.  Senior grabbed Smith, and the two struggled.  Senior’s
wife and daughters woke up and started screaming.  Senior’s son, Oscar Paramo Jr.
(Junior), was asleep in the bedroom and awoke to the screaming.  When he went
into the living room, Smith pulled a gun from the waistband of her pants, pointed
it at Junior, and said, “I want to kill you.”  Smith pulled the trigger, Junior
heard a “click,” but the gun did not fire.  Junior and Senior took the gun from
Smith, and Junior hid it under some clothes in the bedroom.  When Junior told
his mom to call the police, Smith threatened that her friend would harm them if
they called the police.  She also took a “large switchblade knife” out of her
pocket.  The Paramos called 9-1-1 and held Smith down until police arrived.

          Lewisville
Police Officer Jonathan Wolk arrived and saw Senior and Junior holding down
Smith.  Smith told the officer, “Thank god you’re here.  They assaulted me.”  Officer
Wolk took Smith into the hallway, where another officer searched Smith for
weapons and found Senior’s wallet in Smith’s back pocket.  Officer Wolk
returned to the Paramos’ apartment, and Junior led him to the gun under the
pile of clothes in the bedroom.  Junior and Senior were both visibly shaken.  Officer
Wolk talked to Junior separately outside; Junior explained that he hid the gun
under some clothes in the bedroom so that it would be hard for Smith to find in
case she “got loose.”  Officer Wolk also recovered a knife from the living room
floor in the Paramos’ apartment; Senior told the officer that the knife fell out
of Smith’s pocket. 

Smith
told the officers that she had been knocking on apartment doors looking for her
co-worker who lived in the apartment building when she heard some yelling in
Spanish.  Smith said that when she knocked on the door, someone pulled her into
the Paramos’ apartment and pointed a gun at her.  She said that she wrestled
the gun away from the men and that the men planted the wallet on her.  Smith pointed
out two vehicles in the apartment parking lot as belonging to her co-worker;
however, a check of both vehicles’ license plate numbers revealed that they did
not belong to who Smith said they did.

          Smith
was indicted for burglary of a habitation; the indictment alleged that she
intentionally or knowingly entered the Paramos’ residence without the owner’s
effective consent and attempted to commit or committed the felony offense of
aggravated assault.[2]  At
trial, Smith’s uncle testified that he is close to Smith, that he has never
seen her with a gun, and that he had never seen the gun recovered from the Paramos’
apartment.  Smith’s uncle also testified that he did not live with Smith and
did not know her age.

The
jury found Smith guilty of burglary of habitation and, after a punishment
trial, assessed her punishment at nineteen years’ imprisonment.  The trial court
sentenced her accordingly.

III.  Lesser-Included Offense Instruction

          In
her first point, Smith argues that she was entitled to a lesser-included offense
instruction on criminal trespass because there was some evidence that she did
not use or exhibit a deadly weapon.

We
use a two-step analysis to determine whether an appellant was entitled to a
lesser-included offense instruction.  Hall v. State, 225 S.W.3d 524, 528
(Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d 666, 672B73
(Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, the lesser
offense must come within article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (West 2006); Moore v. State, 969 S.W.2d
4, 8 (Tex. Crim. App. 1998).  An offense is a lesser-included offense of
another offense, under article 37.09(1), if the indictment for the
greater-inclusive offense either:  (1) alleges all of the elements of the
lesser-included offense, or (2) alleges elements plus facts (including
descriptive averments, such as non-statutory manner and means, that are alleged
for purposes of providing notice) from which all of the elements of the
lesser-included offense may be deduced.  Ex parte Watson, 306 S.W.3d
259, 273 (Tex. Crim. App. 2009) (op. on reh=g). 


Under
the second step, some evidence must exist in the record that would permit a
jury to rationally find that if the appellant is guilty, she is guilty only of
the lesser offense.  Hall, 225 S.W.3d at 536; Salinas v. State,
163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672B73. 
The evidence must be evaluated in the context of the entire record.  Moore,
969 S.W.2d at 8.  There must be some evidence from which a rational jury could
acquit the appellant of the greater offense while convicting her of the
lesser-included offense.  Id.  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence.  Id. 
Anything more than a scintilla of evidence may be sufficient to entitle a
defendant to a lesser charge.  Hall, 225 S.W.3d at 536.

A
person commits criminal trespass if the person enters property of another
without effective consent and had notice that entry was forbidden.  Tex. Penal
Code Ann. § 30.05(a) (West Supp. 2012).  A person commits burglary if, without
the effective consent of the owner, the person enters a habitation and commits
or attempts to commit the felony offense of aggravated assault.  Id. §
30.02(a)(3); see also id. § 22.02(a) (West 2011) (defining aggravated
assault as assault either causing serious bodily injury or with the use or
exhibition of a deadly weapon).  The State agrees that, under the first step of
the analysis, criminal trespass is a lesser-included offense of burglary of a
habitation as alleged in the indictment.  See Hall, 225 S.W.3d at
528; see also Salazar v. State, 284 S.W.3d 874, 880 (Tex. Crim. App.
2009) (holding criminal trespass’s notice-that-entry-was-forbidden element was
implicit in burglary of habitation because a habitation implicitly gives notice
that entry is forbidden). 

We
will turn our attention to the second prong and determine whether there was
some evidence presented from which the jury could rationally determine that Smith
was guilty of criminal trespass but not guilty of burglary of a habitation.  See
Hall, 225 S.W.3d at 536.  Smith points to her statement to Officer Wolk—that
someone pulled her into the apartment and pointed a gun at her—as evidence
entitling her to an instruction on criminal trespass.  But her statement is some
evidence that she did not commit criminal trespass or burglary—it is evidence
that she committed no offense.  A charge on the lesser-included offense is not
required when the defendant presents no evidence or presents evidence that no
offense was committed and there is no evidence otherwise showing that the
defendant is guilty of a lesser-included offense.  Lofton v. State, 45
S.W.3d 649, 652 (Tex. Crim. App. 2001); see, e.g., Holiday v. State,
14 S.W.3d 784, 788 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (holding appellant
not entitled to lesser-included offense instruction when his version of the
facts indicated that he was not guilty of any offense), cert. denied,
532 U.S. 960 (2001).  Smith also points to the following as entitling her to
the criminal-trespass instruction:  on cross-examination, Officer Wolk
“admitted” that the only evidence that the gun belonged to Smith came from the
statements of Junior and Senior; the gun was never tested for fingerprints; and
Smith’s uncle had never seen her with a gun.  But this “evidence”—or lack of
additional evidence linking Smith to the gun—as well as the remaining evidence
in the record, is not more than a scintilla of evidence to support a
lesser-included offense instruction on criminal trespass.  See Hall, 225
S.W.3d at 536; see also Sweed v. State, 351 S.W.3d 63, 68 (Tex. Crim.
App. 2011) (“[T]here must be some evidence directly germane to the
lesser-included offense for the finder of fact to consider before an
instruction on a lesser-included offense is warranted.”).  We overrule Smith’s
first point. 

IV.  Notice of Intent to Seek Deadly-Weapon Finding

          In
her second point, Smith argues that the trial court erred by submitting the
deadly-weapon issue to the jury because the State did not give her adequate
notice of its intent to seek a deadly-weapon finding.

          A
defendant is entitled to written notice that the State will seek an affirmative
finding that a deadly weapon was used or exhibited during the commission of the
charged offense.  Brooks v. State, 847 S.W.2d 247, 248 (Tex. Crim. App.
1993).  The notice requirement is firmly rooted in fundamental precepts of due
process and due course of law.  Ex parte Patterson, 740 S.W.2d 766, 775
(Tex. Crim. App. 1987), overruled on other grounds by Ex parte Beck, 769
S.W.2d 525, 528 (Tex. Crim. App. 1989).  The notice need not be contained in
the indictment, but it must be in writing.  Id.  “The defendant is
simply ‘entitled to notice in some form that the use of a deadly weapon will be
a fact issue at the time of prosecution.’”  Id.
(quoting Beck, 769 S.W.2d at 526). 

Texas
law does not specifically define the time period that constitutes timely
notice, but in Villescas v. State, the court of criminal appeals held
that the right to notice of the State’s intent to use prior convictions as
enhancements—similar to notice given for deadly-weapon allegations—is
constitutionally based and that due process does not require that notice of
prior convictions be given before the trial on guilt begins.  See 189 S.W.3d
290, 293–94 (Tex. Crim. App. 2006) (stating that requiring notice to come
before the trial on guilt ignores the possibility that the trial court could
take measures to cure the notice problem by granting a continuance); see
also Johnson v. State, 815 S.W.2d 707, 715 (Tex. Crim. App. 1991)
(Overstreet, J., concurring) (suggesting that notice is adequate if given any
time prior to trial).  The adequacy of the State’s notice of its intent to seek
a deadly weapon finding depends largely on the specific facts of a given case. 
Hocutt v. State, 927 S.W.2d 201, 203 (Tex. App.—Fort Worth 1996, pet.
ref’d).  

          Here,
Smith was indicted for burglary of a habitation on February 24, 2011.  The indictment
did not allege that she used or exhibited a deadly weapon.  The State filed
notice of its intention to seek a deadly-weapon finding at 11:27 a.m. on the
first day of trial, November 14, 2011; voir dire began approximately two hours
later.

Smith
claims on appeal that the timing of the State’s notice violated her right to
due course of law under the Texas constitution, see Tex. Const. art 1, § 15,
but this claim is weakened by the fact that she did not object to the timing of
the notice, request a continuance, or otherwise claim that she was surprised or
prejudiced by the timing of the notice.[3]  See
Byrd v. State, No. 02-07-00167-CR, 2008 WL 4053000, at *4 (Tex. App.—Fort
Worth Aug. 29, 2008, pet. ref’d) (not designated for publication) (“Byrd’s due
process claim is also weakened by his failure to ask for a continuance to
relieve any surprise or prejudice.”); Nolasco v. State, 970 S.W.2d 194,
197 (Tex. App.—Dallas 1998, no pet.) (holding appellant’s failure to request
continuance or otherwise claim surprise or prejudice when notice received a few
hours before trial began “defeat[ed] any due process claim he might have”); see
also Whatley v. State, 946 S.W.2d 73, 75 (Tex. Crim. App. 1997) (holding
that no fundamental unfairness resulted in State’s failing to specify the type
of weapon when appellant received notice and did not request additional
specificity).

Moreover,
Smith did receive notice prior to trial; this is not a case in which the
defendant learned of the State’s intent to seek a deadly weapon finding “only
after all the evidence was in, both sides had closed, and the charge was read
to the jury.”  See Byrd, 2008 WL 4053000, at *4; cf. Patterson,
740 S.W.2d at 777.  And, as the State points out, although the indictment did
not include a deadly weapon allegation, it did allege that Smith committed or
attempted to commit aggravated assault inside the Paramos’ residence. 
Aggravated assault requires either serious bodily injury or the use or
exhibition of a deadly weapon.  Tex. Penal Code Ann. § 22.02(a).  Smith would
have known that no one suffered a serious injury at the time of the offense and
also knew a firearm was involved in the event based on her statements to police;
she was not blindsided by the State’s notice the day of trial.  Cf. Patterson,
740 S.W.2d at 777 (explaining that defendant had no prior indication that the
nature of the weapon used was to be a particular issue in the case and was
blindsided at trial). 

Given
the facts of this case, including that Smith never asked for a continuance or
otherwise claimed surprise or prejudice, we hold that the State’s notice of its
intent to seek a deadly-weapon finding filed hours before voir dire began was
timely and did not violate Smith’s right to due course of law under the Texas
constitution.  See Tex. Const. art. 9, § 19; Byrd, 2008 WL
4053000, at *4; Nolasco, 970 S.W.2d at 197.  We overrule her second
point.

V.  Conclusion

Having
overruled Smith’s two points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 30.02(a)(3) (West 2011).  





[3]The State argues that
Smith failed to preserve her complaint for appeal by her “complete inactivity,”
but we will assume preservation for purposes of this opinion and will address
the merits of Smith’s complaint.  See Tellez v. State, 170 S.W.3d 158,
162–63 (Tex. App.—San Antonio 2005, no pet.) (reasoning that right to written
notice of the State’s intent to seek a deadly weapon finding is “waivable
only;” rights that are “waivable only” cannot be forfeited and they are not
extinguished by inaction alone); see also Blount v. State, 201 S.W.3d
170, 174 (Tex. App.—Houston [14th Dist.] 2006) (analyzing case law on
preservation of notice complaint and noting that court of criminal appeals
focuses on adequacy of State’s notice, rather than adequacy of defendant’s
objection), rev’d on other grounds, 257 S.W.3d 712 (Tex. Crim. App.
2008).