

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00533-CR

| | | |
|---|---|---|
| Rachel Smith | § | From the 362nd District Court |
| | § | of Denton County (F-2011-0398-D) |
| v. | § | December 6, 2012 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00533-CR**

RACHEL SMITH                                           APPELLANT

V.

THE STATE OF TEXAS                                  STATE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Rachel Smith appeals her conviction for burglary of a habitation. In two points, Smith argues that the trial court erred by refusing to charge the jury on the lesser-included offense of criminal trespass and by submitting a deadly-weapon issue to the jury. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

---

[1]*See* Tex. R. App. P. 47.4.

The Paramo family lived in a one-bedroom apartment in Lewisville, Texas. Around 3:00 a.m., while Oscar Paramo Sr. (Senior), his wife Maribel, and his two young daughters were asleep in the living room of the apartment, Senior awoke to the sound of a cell phone vibrating. He noticed a person, later identified as Smith, crouching in the corner. Senior grabbed Smith, and the two struggled. Senior's wife and daughters woke up and started screaming. Senior's son, Oscar Paramo Jr. (Junior), was asleep in the bedroom and awoke to the screaming. When he went into the living room, Smith pulled a gun from the waistband of her pants, pointed it at Junior, and said, "I want to kill you." Smith pulled the trigger, Junior heard a "click," but the gun did not fire. Junior and Senior took the gun from Smith, and Junior hid it under some clothes in the bedroom. When Junior told his mom to call the police, Smith threatened that her friend would harm them if they called the police. She also took a "large switchblade knife" out of her pocket. The Paramos called 9-1-1 and held Smith down until police arrived.

Lewisville Police Officer Jonathan Wolk arrived and saw Senior and Junior holding down Smith. Smith told the officer, "Thank god you're here. They assaulted me." Officer Wolk took Smith into the hallway, where another officer searched Smith for weapons and found Senior's wallet in Smith's back pocket. Officer Wolk returned to the Paramos' apartment, and Junior led him to the gun under the pile of clothes in the bedroom. Junior and Senior were both visibly shaken. Officer Wolk talked to Junior separately outside; Junior explained that

3

he hid the gun under some clothes in the bedroom so that it would be hard for Smith to find in case she "got loose." Officer Wolk also recovered a knife from the living room floor in the Paramos' apartment; Senior told the officer that the knife fell out of Smith's pocket.

Smith told the officers that she had been knocking on apartment doors looking for her co-worker who lived in the apartment building when she heard some yelling in Spanish. Smith said that when she knocked on the door, someone pulled her into the Paramos' apartment and pointed a gun at her. She said that she wrestled the gun away from the men and that the men planted the wallet on her. Smith pointed out two vehicles in the apartment parking lot as belonging to her co-worker; however, a check of both vehicles' license plate numbers revealed that they did not belong to who Smith said they did.

Smith was indicted for burglary of a habitation; the indictment alleged that she intentionally or knowingly entered the Paramos' residence without the owner's effective consent and attempted to commit or committed the felony offense of aggravated assault.[2] At trial, Smith's uncle testified that he is close to Smith, that he has never seen her with a gun, and that he had never seen the gun recovered from the Paramos' apartment. Smith's uncle also testified that he did not live with Smith and did not know her age.

---

[2] *See* Tex. Penal Code Ann. § 30.02(a)(3) (West 2011).

The jury found Smith guilty of burglary of habitation and, after a punishment trial, assessed her punishment at nineteen years' imprisonment. The trial court sentenced her accordingly.

### III. LESSER-INCLUDED OFFENSE INSTRUCTION

In her first point, Smith argues that she was entitled to a lesser-included offense instruction on criminal trespass because there was some evidence that she did not use or exhibit a deadly weapon.

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). An offense is a lesser-included offense of another offense, under article 37.09(1), if the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g).

Under the second step, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, she is guilty only of the

lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73. The evidence must be evaluated in the context of the entire record. *Moore*, 969 S.W.2d at 8. There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting her of the lesser-included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

A person commits criminal trespass if the person enters property of another without effective consent and had notice that entry was forbidden. Tex. Penal Code Ann. § 30.05(a) (West Supp. 2012). A person commits burglary if, without the effective consent of the owner, the person enters a habitation and commits or attempts to commit the felony offense of aggravated assault. *Id.* § 30.02(a)(3); *see also id.* § 22.02(a) (West 2011) (defining aggravated assault as assault either causing serious bodily injury or with the use or exhibition of a deadly weapon). The State agrees that, under the first step of the analysis, criminal trespass is a lesser-included offense of burglary of a habitation as alleged in the indictment. *See Hall*, 225 S.W.3d at 528; *see also Salazar v. State*, 284 S.W.3d 874, 880 (Tex. Crim. App. 2009) (holding criminal trespass's notice-that-entry-was-forbidden element was implicit in burglary of habitation because a habitation implicitly gives notice that entry is forbidden).

We will turn our attention to the second prong and determine whether there was some evidence presented from which the jury could rationally determine that Smith was guilty of criminal trespass but not guilty of burglary of a habitation. *See Hall*, 225 S.W.3d at 536. Smith points to her statement to Officer Wolk—that someone pulled her into the apartment and pointed a gun at her—as evidence entitling her to an instruction on criminal trespass. But her statement is some evidence that she did not commit criminal trespass or burglary—it is evidence that she committed no offense. A charge on the lesser-included offense is not required when the defendant presents no evidence or presents evidence that no offense was committed and there is no evidence otherwise showing that the defendant is guilty of a lesser-included offense. *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001); *see, e.g.*, *Holiday v. State*, 14 S.W.3d 784, 788 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (holding appellant not entitled to lesser-included offense instruction when his version of the facts indicated that he was not guilty of any offense), *cert. denied*, 532 U.S. 960 (2001). Smith also points to the following as entitling her to the criminal-trespass instruction: on cross-examination, Officer Wolk "admitted" that the only evidence that the gun belonged to Smith came from the statements of Junior and Senior; the gun was never tested for fingerprints; and Smith's uncle had never seen her with a gun. But this "evidence"—or lack of additional evidence linking Smith to the gun—as well as the remaining evidence in the record, is not more than a scintilla of evidence to support a lesser-included offense instruction on criminal trespass.

7

*See Hall*, 225 S.W.3d at 536; *see also Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) ("[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted."). We overrule Smith's first point.

### IV. NOTICE OF INTENT TO SEEK DEADLY-WEAPON FINDING

In her second point, Smith argues that the trial court erred by submitting the deadly-weapon issue to the jury because the State did not give her adequate notice of its intent to seek a deadly-weapon finding.

A defendant is entitled to written notice that the State will seek an affirmative finding that a deadly weapon was used or exhibited during the commission of the charged offense. *Brooks v. State*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993). The notice requirement is firmly rooted in fundamental precepts of due process and due course of law. *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex. Crim. App. 1987), *overruled on other grounds by Ex parte Beck*, 769 S.W.2d 525, 528 (Tex. Crim. App. 1989). The notice need not be contained in the indictment, but it must be in writing. *Id.* "The defendant is simply 'entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution.'" *Id.* (quoting *Beck*, 769 S.W.2d at 526).

Texas law does not specifically define the time period that constitutes timely notice, but in *Villescas v. State*, the court of criminal appeals held that the right to notice of the State's intent to use prior convictions as enhancements—similar to notice given for deadly-weapon allegations—is constitutionally based

8

and that due process does not require that notice of prior convictions be given before the trial on guilt begins. *See* 189 S.W.3d 290, 293–94 (Tex. Crim. App. 2006) (stating that requiring notice to come before the trial on guilt ignores the possibility that the trial court could take measures to cure the notice problem by granting a continuance); *see also Johnson v. State*, 815 S.W.2d 707, 715 (Tex. Crim. App. 1991) (Overstreet, J., concurring) (suggesting that notice is adequate if given any time prior to trial). The adequacy of the State's notice of its intent to seek a deadly weapon finding depends largely on the specific facts of a given case. *Hocutt v. State*, 927 S.W.2d 201, 203 (Tex. App.—Fort Worth 1996, pet. ref'd).

Here, Smith was indicted for burglary of a habitation on February 24, 2011. The indictment did not allege that she used or exhibited a deadly weapon. The State filed notice of its intention to seek a deadly-weapon finding at 11:27 a.m. on the first day of trial, November 14, 2011; voir dire began approximately two hours later.

Smith claims on appeal that the timing of the State's notice violated her right to due course of law under the Texas constitution, *see* Tex. Const. art 1, § 15, but this claim is weakened by the fact that she did not object to the timing of the notice, request a continuance, or otherwise claim that she was surprised or prejudiced by the timing of the notice.[3] *See Byrd v. State*, No. 02-07-00167-CR,

---

[3] The State argues that Smith failed to preserve her complaint for appeal by her "complete inactivity," but we will assume preservation for purposes of this

9

2008 WL 4053000, at *4 (Tex. App.—Fort Worth Aug. 29, 2008, pet. ref'd) (not designated for publication) ("Byrd's due process claim is also weakened by his failure to ask for a continuance to relieve any surprise or prejudice."); *Nolasco v. State*, 970 S.W.2d 194, 197 (Tex. App.—Dallas 1998, no pet.) (holding appellant's failure to request continuance or otherwise claim surprise or prejudice when notice received a few hours before trial began "defeat[ed] any due process claim he might have"); *see also Whatley v. State*, 946 S.W.2d 73, 75 (Tex. Crim. App. 1997) (holding that no fundamental unfairness resulted in State's failing to specify the type of weapon when appellant received notice and did not request additional specificity).

Moreover, Smith did receive notice prior to trial; this is not a case in which the defendant learned of the State's intent to seek a deadly weapon finding "only after all the evidence was in, both sides had closed, and the charge was read to the jury." *See Byrd*, 2008 WL 4053000, at *4; *cf. Patterson*, 740 S.W.2d at 777. And, as the State points out, although the indictment did not include a deadly weapon allegation, it did allege that Smith committed or attempted to commit

opinion and will address the merits of Smith's complaint. *See Tellez v. State*, 170 S.W.3d 158, 162–63 (Tex. App.—San Antonio 2005, no pet.) (reasoning that right to written notice of the State's intent to seek a deadly weapon finding is "waivable only;" rights that are "waivable only" cannot be forfeited and they are not extinguished by inaction alone); *see also Blount v. State*, 201 S.W.3d 170, 174 (Tex. App.—Houston [14th Dist.] 2006) (analyzing case law on preservation of notice complaint and noting that court of criminal appeals focuses on adequacy of State's notice, rather than adequacy of defendant's objection), *rev'd on other grounds*, 257 S.W.3d 712 (Tex. Crim. App. 2008).

aggravated assault inside the Paramos' residence. Aggravated assault requires either serious bodily injury or the use or exhibition of a deadly weapon. Tex. Penal Code Ann. § 22.02(a). Smith would have known that no one suffered a serious injury at the time of the offense and also knew a firearm was involved in the event based on her statements to police; she was not blindsided by the State's notice the day of trial. *Cf. Patterson*, 740 S.W.2d at 777 (explaining that defendant had no prior indication that the nature of the weapon used was to be a particular issue in the case and was blindsided at trial).

Given the facts of this case, including that Smith never asked for a continuance or otherwise claimed surprise or prejudice, we hold that the State's notice of its intent to seek a deadly-weapon finding filed hours before voir dire began was timely and did not violate Smith's right to due course of law under the Texas constitution. *See* Tex. Const. art. 9, § 19; *Byrd*, 2008 WL 4053000, at *4; *Nolasco*, 970 S.W.2d at 197. We overrule her second point.

## V. CONCLUSION

Having overruled Smith's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 6, 2012

11